UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MANUEL BARRIOS,

     Petitioner,

v.                                                                  CASE NO. 6:16-cv-1223-Orl-28LRH

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

     Respondents.

_____/

### ORDER

This cause is before the Court on an Amended Petition for Writ of Habeas Corpus ("Amended Petition," Doc. 18) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response to the Amended Petition ("Response," Doc. 30) in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts*. Petitioner filed a Reply to the Response. (Doc. 34).

Petitioner alleges eight grounds for relief.   For the following reasons, the Amended Petition is denied.

### I.   PROCEDURAL HISTORY

Petitioner was charged by information in the Ninth Judicial Circuit Court in and for Orange County, Florida with two counts of sexual battery on a child under the age of twelve (Counts One and Two) and one count of lewd or lascivious molestation (Count Three). (Doc. 32-1 at 4-6). After a jury trial, Petitioner was acquitted of Count Two and

convicted of Counts One and Three. (*Id.* at 8; 132). The trial court sentenced Petitioner to a term of life imprisonment for Count One and a twenty-five-year minimum mandatory term of imprisonment for Count Three. (*Id.* at 11-17). Petitioner appealed, and Florida's Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam*. (*Id.* at 202).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (*Id.* at 204-23). The trial court summarily denied the motion. (Doc. 32-2 at 2-3). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 44).

Petitioner's petition for writ of habeas corpus filed in the Third Judicial Circuit Court in and for Taylor County, Florida, was denied. (*Id.* at 47-71). Petitioner appealed, and Florida's First District Court of Appeal ("First DCA") affirmed *per curiam*. (*Id.* at 73).

## II.   LEGAL STANDARDS

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the

holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

The first task of a federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. *See Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). Where the state court's adjudication on the merits is unaccompanied by an explanation, a court should "look through" any unexplained decision "to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. *Id.* at 1192–93, 1195–96.

If the claim was adjudicated on the merits, § 2254 provides "two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light

3

of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker v. Head,* 244 F.3d 831, 835-36 (11th Cir. 2001); 28 U.S.C. § 2254(e)(1).

**B.    Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant,* 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are

4

not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   ANALYSIS

### A.   Claims One and Two

Petitioner alleges in Claim One that the trial court erred by denying the motion for judgment of acquittal. (Doc. 18 at 8-9). In Claim Two, Petitioner argues that the trial court improperly admitted the child victim's hearsay statement. (Doc. 18 at 10). In support of these claims, Petitioner contends that a judgment of acquittal should have been granted because admission of the victim's hearsay statement violated § 90.803(23), Florida Statutes[1] and the Confrontation Clause. (Doc. 19 at 6).

On the morning of trial, defense counsel noted that the child victim had failed to appear for her deposition. (Doc. 32-1 at 31). Defense counsel asked the court to prohibit

---

[1] Section 90.803(23), Florida Statutes, provides that the hearsay statement of a child victim under the age of sixteen is admissible as a hearsay exception when it describes any unlawful sexual contact or act unless the source of information or method in which the statement is reported lacks an indicium of trustworthiness. Additionally, the statute requires the trial court to make findings outside the presence of the jury that the "time, content, and circumstances of the statement provide sufficient safeguards of reliability" and the child is unavailable to testify, provided there is other corroborative evidence of the abuse or offense. § 90.803(23)(a)(1) and (2), Fla. Stat.

the victim from testifying at trial. (*Id.*). The trial court denied the request. (*Id.* at 33). The defense was given an opportunity to continue the trial but declined to do so. (*Id.*). Later during trial, the State noted that the victim had not appeared for court. (*Id.* at 109). Linda Pedicone ("Pedicone"), a registered nurse practitioner with the Child Protection Team, testified that she had examined the victim, who was ten years old, the night the offenses were committed. (*Id.* at 98-99). Pedicone was permitted to testify, over defense counsel's objection, to hearsay statements the victim made to her during the medical examination, wherein the victim stated that Petitioner had placed his mouth on her vagina. (*Id.* at 102-05). The trial court concluded, outside of the presence of the jury, that the statements were an exception to the prohibition on hearsay statements because they were made in the course of a medical examination. (*Id.* at 105).

Neither the parties nor the trial court cited to § 90.803(23), Florida Statutes and instead it appears that the trial court relied upon § 90.803(4), Florida Statutes (holding statements made for the purposes of medical diagnosis or treatment are admissible as an exception to the prohibition on hearsay if the statements describe medical history, past or present symptoms, pain, or the general character or cause of the or external source therefore, insofar as it is reasonably pertinent to diagnosis) in ruling on the matter. (*See* 32-2 at 3).

The State rested without calling the victim as a witness. (*Id.* at 108). Defense counsel moved for a judgment of acquittal, arguing that Petitioner could not be convicted based solely on hearsay statements. (*Id.* at 109-11). The trial court denied the motion,

noting that there was other evidence presented to corroborate the victim's hearsay statements. (*Id.* at 111).

Petitioner has not shown that the child victim's hearsay statements were erroneously admitted at trial. The trial court admitted the statements pursuant to § 90.803(4) of the Florida Statutes, concluding that the statements regarding Petitioner's conduct were made during the course of a medical examination and were describing the source of the victim's symptoms or pain. Even though there was another hearsay exception under which the victim's statements could have been admitted, it does not appear that the trial court relied on § 90.803(23), Florida Statutes.

Furthermore, federal habeas relief "based on evidentiary rulings will not be granted unless it goes to the fundamental fairness of the trial." *McCoy v. Newsome*, 953 F.2d 1252, 1265 (11th Cir. 1992); *see also Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991)(*quoting Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983)) ("[w]e review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render 'the entire trial fundamentally unfair.'"). Petitioner has not shown that the trial court improperly admitted the victim's hearsay statements or that the evidentiary ruling rendered the trial fundamentally unfair.

To the extent Petitioner also argues that the trial court denied his Confrontation Clause rights, this portion of the claim is unexhausted because it was not properly preserved for appellate review.

7

Federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–44 (1999). In order to satisfy the exhaustion requirement a "petitioner must 'fairly present[ ]' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

A review of the record reveals that defense counsel did not raise the Confrontation Clause issue at trial. (Doc. 32-1 at 102-03, 110-11). In making his argument regarding the admissibility of the victim's hearsay statement, defense counsel only relied upon state evidentiary rules. (*Id.*). The Confrontation Clause issue was raised for the first time in Petitioner's initial brief on direct appeal. (*Id.* at 141). In Florida, to preserve a claim for appellate review, the specific legal argument or grounds upon which it is based must be presented to the trial court. *See generally Hannah v. Crosby*, Case No. 8:04–cv–1072–T24EAJ, 2005 WL 2346966 *5 (M.D. Fla. Sept. 26, 2005) (noting Florida's contemporaneous objection rule); *Spann v. Florida*, 857 So. 2d 845, 852 (Fla. 2003) (noting in Florida to be preserved for appeal, the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal)(citation omitted).

Therefore, because Petitioner did not preserve this ground for direct appeal in accordance with state law, it is unexhausted. *See Hayes v. Fla. Attorney Gen.*, No. 2:13-CV-

8

774-FtM-38CM, 2017 WL 715145, at *4 (M.D. Fla. Feb. 23, 2017) (concluding a ground not preserved for appellate review was unexhausted). Moreover, the Court is precluded from considering this claim because it would be procedurally defaulted upon return to state court. *See Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998).

Procedural default may be excused only in two narrow circumstances: if a petitioner can show (1) cause and prejudice or (2) actual innocence. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). Petitioner has not demonstrated cause or prejudice, nor has he shown the applicability of the actual innocence exception. Accordingly, this portion of Claim Two is procedurally barred.

Finally, Petitioner has not shown that the trial court erred by denying the motion for judgment of acquittal. When reviewing an insufficiency of the evidence claim in a habeas petition, a federal court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)(emphasis in original). Furthermore, under Florida law, "'[a] motion for judgment of acquittal should be granted in a case based wholly upon circumstantial evidence if the [S]tate fails to present evidence from which the jury could exclude every reasonable hypothesis except that of guilt.'" *Serrano v. State*, 64 So. 3d 93, 104 (Fla. 2011) (quoting *Reynolds v. State*, 934 So. 2d 1128, 1145 (Fla. 2006)). The State, however, "is not required to 'rebut conclusively every possible variation' of events which could be inferred from the evidence, but only to introduce competent evidence which is

9

inconsistent with the defendant's theory of events." *Id.* (quoting *Darling v. State*, 808 So. 2d 145, 156 (Fla. 2002)).

To convict Petitioner of capital sexual battery, the State had to prove that (1) the victim was under 12 years of age, (2) Petitioner committed an act upon the victim in which his mouth had union with the sex organs of the victim; and (3) Petitioner was 18 years old or older at the time of the offense. *See* § 794.011(2), Fla. Stat.   To convict Petitioner of the charge of lewd or lascivious molestation, the State had to prove that (1) the victim was under 12 years of age; (2) Petitioner intentionally touched the genitalia or clothing covering the genitalia of the victim in a lewd and lascivious manner, and (3) Petitioner was 18 years of age or older at the time of the offense. *See* § 800.04(5)(b), Florida Statutes.

The ages of the victim and Petitioner were not contested. As noted above, the victim's hearsay statements, in which she stated Petitioner placed his mouth on her vagina, were properly admitted. The hearsay account of the event was corroborated by Petitioner's statement to the police admitting that he placed his mouth on the victim's vagina. (Doc. 32-1 at 65-66). Pedicone also testified that Petitioner could not be excluded as a contributor to the mixture of DNA found on the victim's underwear and the victim had a bruise on her hymen consistent with type of injury you would see from a sexual battery. (Doc. 32-1 at 84 and 107-08). The Court concludes that the State presented sufficient evidence from which the jury could exclude every reasonable hypothesis of innocence.   Thus, upon review of the record and after viewing the evidence in a light most favorable to the prosecution, the Court determines any rational trier of fact could

have found Petitioner guilty of the crimes. Accordingly, Claims One and Two are denied pursuant to § 2254(d).

### B.    Claim Three

Petitioner alleges that trial counsel was ineffective for failing to object to the introduction of his statement to police without a proper foundation pursuant to § 92.565, Florida Statutes.[2] (Doc. 18 at 12). Petitioner raised this claim in his Rule 3.850 motion, and the trial court summarily denied relief, noting that the State did not need to seek admission of Petitioner's statement under § 92.565, Florida Statutes, because "corpus delicti was established by the DNA evidence extracted from the child victim's underpants, the observation of a bruise on the child's hymen, and the testimony regarding the child's statements, admitted pursuant to section 90.803(4), Florida Statutes." (Doc. 32-2 at 3). The Fifth DCA affirmed *per curiam*. (*Id.* at 44).

Florida law provides that the corpus delicti, or elements of a crime, must be established independently of a defendant's confession. *Bradley v. State*, 918 So. 2d 337, 339 (Fla. 1st DCA 2005) (citing *Franqui v. State*, 699 So.2d 1312 (Fla.1997) and *Burks v. State*, 613 So.2d 441 (Fla.1993)). Section 92.565 requires a pretrial determination regarding the admissibility of a defendant's confession when the State cannot show the existence of

---

[2] Section 92.565 provides that a defendant's memorialized confession or admission is admissible in a trial for sexual abuse of a person under the age of twelve during a trial without the State "having to prove a corpus delicti of the crime if . . . [the trial court] finds . . .that the [S]tate is unable to show the existence of each element of the crime, and having so found, further finds that the defendant's confession or admission is trustworthy."

each element of the crime. In this case, the State proved corpus delicti by presenting the victim's statement to the Child Protection Team, the DNA evidence, and the observation of a bruise on the victim's hymen. Therefore, counsel did not act deficiently nor did his failure to object prejudice the result because the State did not need to seek permission to admit Petitioner's confession under § 92.565, Florida Statutes.

The state court's denial of this claim was neither contrary to nor an unreasonable application of, clearly established federal law. Accordingly, Claim Three is denied pursuant to § 2254(d).

### C.    Claim Four

Petitioner contends that trial counsel was ineffective for failing to object to the State's failure to comply with the requirements of § 90.803(23), Florida Statutes. (Doc. 18 at 14). Petitioner raised this claim in his Rule 3.850 motion, and the trial court summarily denied relief, finding counsel did not act deficiently regarding this matter. (Doc. 32-2 at 3). The Fifth DCA affirmed *per curiam*. (*Id.* at 44).

As noted previously, Petitioner's confession or admission was admitted at trial pursuant to § 90.803(4), Florida Statutes. Therefore, counsel had no basis to object with regard to the failure to comply with the requirements of § 90.803(23), Florida Statutes. Additionally, counsel strenuously objected to the introduction of the hearsay statement. Petitioner has not shown what additional arguments counsel could have successfully argued. Counsel did not act deficiently, nor did his actions result in prejudice. The state court's denial of this claim was not contrary to or an unreasonable application of

12

*Strickland*. Accordingly, Claim Four is denied pursuant to § 2254(d).

### D.    Claim Five

Petitioner asserts that trial counsel was ineffective for failing to object to or contest the admission of the victim's hearsay statements identifying Petitioner as committing the crimes. (Doc. 18 at 16). Petitioner raised this claim in his Rule 3.850 motion, and the trial court summarily denied the claim, concluding that counsel objected to the introduction of the hearsay statements and his objections were overruled. (Doc. 32-2 at 3). The Fifth DCA affirmed *per curiam*. (*Id.* at 44).

Petitioner's claim is refuted by the record. Defense counsel objected to the introduction of the victim's hearsay statements via Pedicone's testimony. (Doc. 32-1 at 102-103). The trial court overruled the objection. (*Id.* at 105). Petitioner has not shown that counsel acted deficiently. The state court's denial of this claim was not contrary to or an unreasonable application of *Strickland*. Accordingly, Claim Five is denied.

### E.    Claims Six and Seven

In these claims, Petitioner alleges that the State of Florida lacked subject matter jurisdiction over his case because §§ 794.011 and 800.04 were illegally enacted. (Doc. 18 at 17 and 19). Petitioner raised these claims in his state habeas petition filed in Florida's Third Judicial Circuit, arguing that the bills enacting these statutes were not presented to the Governor within the time prescribed in the Florida Constitution. (Doc. 32-2 at 52-61). The court denied relief, noting the claims that these statutes were unconstitutionally enacted had been rejected by the Supreme Court of Florida. (Doc. 32-2 at 70). The First

13

DCA affirmed *per curiam*. (*Id.* at 73).

Petitioner essentially argues that although the Florida Legislature passed the bills enacting §§ 794.011 and 800.04, Florida Statutes, those bills were not presented to the Governor for signature before the expiration of the legislative session. In *State ex rel. Thompson v. Davis*, 169 So. 199, 206 (Fla. 1936), the Supreme Court of Florida held that where bills are passed by the legislature but the time is too near the expiration of the session for those bills to be presented to the Governor and signed, that the signing of said bills may be completed in "orderly and consecutive procedure even if the time needed to comply . . . extends reasonably beyond the session period." Therefore, Petitioner's arguments that the bills were unlawfully enacted are without merit. The state court's denial of these claims was not contrary to or an unreasonable application of clearly established federal law. Accordingly, Claims Six and Seven are denied pursuant to § 2254(d).

### F.     Claim Eight

Petitioner asserts that the State of Florida lacked subject matter jurisdiction over his criminal case because the information fails to allege a crime. (Doc. 18 at 21). Petitioner raised this claim in his state habeas petition, and the Third Judicial Circuit Court denied relief, noting that Petitioner was properly charged in Florida's Ninth Judicial Circuit and no details or elements were missing from the charging documents. (Doc. 32-2 at 71). The First DCA affirmed *per curiam*. (*Id.* at 73).

Petitioner contends that the charging document does not properly allege where

14

the crimes occurred or whether they "took place wholly or partly in the State of Florida. . . ." (Doc. 32-2 at 62). A review of the charging documents shows that Petitioner was properly charged with two counts of sexual battery on a person less than twelve years of age and one count lewd or lascivious molestation. (Doc. 32-1 at 4-6). The information states that the crimes were committed in the Ninth Circuit in Orange County, Florida, and contains the essential elements of those crimes. (*Id.*). Therefore, Petitioner's claim is refuted by the record. The state court's denial of this claim was not contrary to or an unreasonable application of clearly established federal law. Accordingly, Claim Eight is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

15

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     The Amended Petition for Writ of Habeas Corpus filed by Manuel Barrios (Doc. 18) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.     Petitioner is **DENIED** a certificate of appealability.

3.     The Clerk of the Court is directed to enter judgment and close the case.

**DONE AND ORDERED** in Orlando, Florida, on August 2 0 , 2020.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 8/13
Manuel Barrios
Counsel of Record